**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

F I L E D

AUG 2 4 2011

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES OF AMERICA,                    No. 11-CR-20304

**HON. AVERN COHN**

-vs-                                          **OFFENSE:** 18 U.S.C. § 371, Conspiracy

**STATUTORY MAXIMUM PENALTIES:**

D-1    JEFFREY ADAMS,                         Up to 5 years in prison
                                              Up to $250,000 fine
                                              Up to 3 years of Supervised Release

       Defendant.
_____/

### RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Jeffrey Adams

and the government agree as follows:

1.    **GUILTY PLEA**

      **A.**    **Count of Conviction**

      The defendant will enter a plea of guilty to Count 1 of the Indictment, which charges him

with conspiring to commit bribery, in violation of 18 U.S.C. §§ 371 and 201(b)(2)(A), and for which

the penalty is a maximum of up to five years imprisonment, a maximum fine of up to $250,000, a

special assessment of $100, and up to three years of supervised release.

      **B.**    **Elements of Offense**

      The elements of the conspiracy offense that the government would need to prove beyond a

reasonable doubt at trial are:

      (1)     Two or more persons conspired or agreed to violate the bribery statute; and

(2)     One or more overt acts were committed by a conspirator in furtherance of the conspiracy.

In order to prove a violation of the bribery statute, 18 U.S.C. § 201(b)(2)(A), the government would need to prove:

(1)     That the defendant, a public official, directly or indirectly demanded, sought, received, accepted, agreed to receive or accept, personally or for another person, something of value; and

(2)     The defendant did so corruptly in return for being influenced in his performance of an official act.

## C.     Factual Basis for Guilty Plea

The following facts are a sufficient and accurate basis for the defendant's guilty plea:

Between August 2004 and October 2008, the defendant was a public official in that he was an employee of the United States Postal Service working either in Detroit, Michigan or Akron, Ohio. During this time period, the defendant agreed with a private contractor to accept money and other things of value from the contractor in return for directing and continuing to direct repair and maintenance work on Postal Service vehicles to the contractor.  The contractor's business was located in Detroit, Michigan, and the contractor also opened another garage in Akron, Ohio. During the conspiracy, the contractor performed work on Postal Service vehicles and was paid for this work by the Postal Service.  During the course of the conspiracy, the defendant accepted from the contractor approximately $50,000 in cash, a free car, thousands of dollars in free service work on personal vehicles, assistance getting a $40,000 loan in order to buy a condominium, and free tickets to sporting events.

2.   **SENTENCING GUIDELINES**

   A.   **Standard of Proof**

   The Court will find sentencing factors by a preponderance of the evidence.

   B.   **Agreed Guideline Range**

   There are no sentencing guideline disputes. Except as provided below, defendant's guideline range is **30 to 37 months**, as set forth on the attached worksheets.  If the Court finds:

   a) that defendant's criminal history category is higher than reflected on the attached worksheets, or

   b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense(s); or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than **30 to 37 months**, the higher guideline range becomes the agreed range.  However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does *not* authorize a corresponding increase in the agreed range.

   Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections a) and b), above.

3.    <u>**SENTENCE**</u>

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A.    <u>**Imprisonment**</u>

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.

B.    <u>**Supervised Release**</u>

A term of supervised release, if imposed, follows the term of imprisonment.  There is no agreement on supervised release.  In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is **3 years**.  The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

C.    <u>**Special Assessment**</u>

Defendant will pay a special assessment of **$100** and must provide the government with a receipt for the payment before sentence is imposed.

D.    <u>**Fine**</u>

There is no agreement as to fines.

E.    <u>**Restitution**</u>

The Court shall order restitution to every identifiable victim of defendant's offense and all other relevant conduct.

4.    **OTHER CHARGES**

If the Court accepts this agreement, the government will dismiss all remaining charges in this case at the time of sentencing.

5.    **EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

6.    **WAIVER OF APPEAL**

The defendant waives any right he may have to appeal his conviction. If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, the defendant also waives any right he may have to appeal his sentence. If the sentence imposed is within the guideline range determined by Paragraph 2B the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

7.    **CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA OR VACATION OF CONVICTION(S)**

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six

months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

8. **PARTIES TO PLEA AGREEMENT**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

9. **SCOPE OF PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

- 6 -

10.    **ACCEPTANCE OF AGREEMENT BY DEFENDANT**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by **5:00 P.M. on June 2, 2011**. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

BARBARA L. MCQUADE
United States Attorney

KATHRYN MCCARTHY                          DAVID A. GARDEY
ASSISTANT UNITED STATES ATTORNEY          ASSISTANT UNITED STATES ATTORNEY
CHIEF, PUBLIC CORRUPTION UNIT

DATE: 8-24-11

BY SIGNING BELOW, DEFENDANT ACKNOWLEDGES THAT HE HAS READ (OR BEEN READ) THIS ENTIRE DOCUMENT, UNDERSTANDS IT, AND AGREES TO ITS TERMS. HE ALSO ACKNOWLEDGES THAT HE IS SATISFIED WITH HIS ATTORNEY'S ADVICE AND REPRESENTATION. DEFENDANT AGREES THAT HE HAS HAD A FULL AND COMPLETE OPPORTUNITY TO CONFER WITH HIS LAWYER, AND HAS HAD ALL OF HIS QUESTIONS ANSWERED BY HIS LAWYER.

W. OTIS CULPEPPER                          JEFFREY ADAMS
ATTORNEY FOR DEFENDANT                      DEFENDANT

DATE: 24-08-11

# WORKSHEET A   (Offense Levels)

Defendant:   Jeffrey Adams                         Count(s):   Count 1

Docket No.:   11-CR-20304                          Statute(s)   18 USC §§ 371, 201(b)(2)(A)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1.   BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS  (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2C1.1(a)(1) | Base offense level, defendant was a public official | 14 |
| 2C1.1(b)(1) | Offense involved more than one bribe | +2 |
| 2C1.1(b)(2) | Value of bribes received by the defendant More than $30,000, and up to $70,000 | +6 |
| | | |
| | | |

## 2.   ADJUSTMENTS  (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |

## 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

22

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*If this is the only Worksheet A, check this box and skip Worksheet B.*   X

*If the defendant has no criminal history, check this box and skip Worksheet C.*   X

(rev. 06/99)

# WORKSHEET D  (Guideline Range)

**1.     (COMBINED) ADJUSTED OFFENSE LEVEL**

| 22 |

Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

**2.     ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY  (U.S.S.G § 3E1.1)**

| -3 |

**3.     TOTAL OFFENSE LEVEL**

| 19 |

Enter the difference between Items 1 and 2.

**4.     CRIMINAL HISTORY CATEGORY**

| I |

Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

**5.     CAREER OFFENDER / CRIMINAL LIVELIHOOD / ARMED CAREER CRIMINAL (U.S.S.G. ch. 4, pt. B)**

   a.   Total Offense Level:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

   b.   Criminal History Category:  If the career offender provision (U.S.S.G. § 4B1.1) or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

**6.     GUIDELINE RANGE FROM SENTENCING TABLE  (U.S.S.G. ch. 5, pt. A)**

| 30-37 months |

Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

**7.     STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

| months |

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute.  (*See* U.S.S.G. § 5G1.1.)  If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

_____

_____

(rev. 06/99)

# WORKSHEET E   (Authorized Guideline Sentences)

**1.    PROBATION (U.S.S.G. ch. 5, pt. B)**

   a.   Imposition of a Term of Probation   (U.S.S.G. § 5B1.1)

[X]   1.   Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony).   If this box is checked, go to Item 2 (Split Sentence).

[ ]   2.   Probation is authorized by the guidelines (minimum of guideline range = zero months).

[ ]   3.   Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

   b.   Length of Term of Probation   (U.S.S.G. § 5B1.2)

[ ]   1.   At least 1 year but not more than 5 years (total offense level ≥ 6).

[ ]   2.   No more than 3 years (total offense level < 6).

   c.   Conditions of Probation   (U.S.S.G. § 5B1.3)

   The court must impose certain conditions of probation and may impose other conditions of probation.

**2.    SPLIT SENTENCE (U.S.S.G. § 5C1.1(c)(2), (d)(2))**

[X]   a.   A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

[ ]   b.   A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months).   The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months).   The authorized length of the term of supervised release is set forth below in Item 4.b

**3.    IMPRISONMENT (U.S.S.G. ch. 5, pt. C)**

A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).   (*See* U.S.S.G. § 5C1.1.)

(rev. 06/99)

(WORKSHEET E, p. 2)

4.   **SUPERVISED RELEASE**  (U.S.S.G. ch 5., pt. D)

    a.   <u>Imposition of a Term of Supervised Release</u>  (U.S.S.G. § 5D1.1)

       The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute.  The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

    b.   <u>Length of Term of Supervised Release</u>  (U.S.S.G. § 5D1.2)

      ☐   1.   At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

      ☒   2.   At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

      ☐   3.   1 year, where the count of conviction is a Class E felony or a Class A misdemeanor,  i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

      ☐   4.   The statute of conviction requires a minimum term of supervised release of _____ months.

    c.   <u>Conditions of Supervised Release</u>  (U.S.S.G. § 5D1.3)

       The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5.   **RESTITUTION**  (U.S.S.G. § 5E1.1)

    ☒   1.   The court will determine whether restitution should be ordered and in what amount.

    ☐   2.   Full restitution to the victim(s) of the offense(s) of conviction is *required* by statute.  (*See, e.g.*, 18 U.S.C. §§ 3663A, 2327.)  The parties agree that full restitution is $_____.

    ☐   3.   The parties agree that the court may order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____.  (*See* 18 U.S.C. §§ 3663(a)(3).)

    ☐   4.   The parties agree that the court may *also* order restitution to persons other than the victim(s) of the offense(s) of conviction.  (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3).)

    ☐   5.   Restitution is not applicable.

(rev. 06/99)

**(WORKSHEET E, p. 3)**

6.   **FINE  (U.S.S.G. § 5E1.2)**

   a. Fines for Individual Defendants

   The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not
   likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).)  Generally, the fine authorized by the
   guidelines is limited to the range established in the Fine Table.  (*See* U.S.S.G. § 5E1.2(b).)  However, there
   are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

   b. Fine Range from Fine Table  (U.S.S.G. § 5E1.2(c)(3))

|        Minimum Fine        |        Maximum Fine        |
| -------------------------- | -------------------------- |
| $    **$6,000**            | $    **$60,000**           |

7.   **SPECIAL ASSESSMENT(S)  (U.S.S.G. § 5E1.3)**

   The court must impose a special assessment on every count of conviction.  The special assessments for individual
   defendants are

   $100.00 for every count charging a felony ($50.00 if the offense was completed before April 24, 1996)
   $ 25.00 for every count charging a Class A misdemeanor,
   $ 10.00 for every count charging a Class B misdemeanor, and
   $  5.00 for every count charging a Class C misdemeanor or an infraction.

   The defendant must pay a special assessment or special assessments in the total amount of $    **$100**            .

8.   **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

   List any additional applicable guideline, policy statement, or statute.

   _____

9.   **UPWARD OR DOWNWARD DEPARTURE  (U.S.S.G. ch. 5, pts. H & K)**

   List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or
   below the applicable guideline range._____

   _____

   _____

(rev. 06/99)